**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA f/u/b/o** | **PLAINTIFF** |
| **METRO MECHANICAL, INC.** | |

**CIVIL ACTION NO. 3:17-cv-718-DCB-LRA**

| | |
|---|---|
| **TRIANGLE CONSTRUCTION CO., INC.** | |
| **AND U.S. SPECIALTY INSURANCE COMPANY** | **DEFENDANTS** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
TRIANGLE CONSTRUCTION CO., INC'S MOTION TO DISMISS AND REQUEST
FOR DISOVERY RELATED TO JURISDICTION**

**COMES NOW** Plaintiff United States of America f/u/b/o Metro Mechanical, Inc. ("Metro"), by and through counsel and files its Response in Opposition to Defendant Triangle Construction Co., Inc's ("Triangle") Motion to dismiss and would show unto the Court as follows, to-wit:

### I.   INTRODUCTION

Defendant Triangle has moved this Court to dismiss Plaintiff's Complaint under Rule 12(b)(1) for lack of Federal Subject-Matter Jurisdiction. Because federal funds were involved in the construction projects that are at the center of this dispute, the federal Miller Act governs the dispute between the parties, and therefore this Court has subject-matter jurisdiction in this matter. For these reasons, as more fully set forth herein, Defendant Triangle's motion to dismiss should be denied.

## II.   FACTS

In 2015, Plaintiff Metro and Defendant Triangle entered into multiple subcontract agreements whereby Metro agreed to perform certain HVAC and plumbing work as a subcontractor of Triangle. *See* Complaint at p. 2. As set forth in the Complaint, this HVAC and plumbing work was performed on four separate low income housing apartment complexes: (i) Greenbriar Apartments in Hattiesburg, Mississippi; (ii) Lower Woodville Apartments in Natchez, Mississippi, (iii) MLK Apartments in Fayette, Mississippi and Susie B Apartments in Natchez, Mississippi (the "Projects"). *Id.*

Upon information and belief, the construction on these apartments was at least partially funded by federal money, and payment bonds were issued on each of the Projects by U.S. Specialty Insurance Company. *Id*. Contrary to what Triangle states in its Motion to Dismiss, the bond documents in Plaintiff's possession do not indicate that the Projects were private projects. *See* Defendants' Motion at p. 1; *See* Plaintiff's Bond Documents at Exhibit A. Because federal funds were involved in the four Projects, as required by the Miller Act, 40 U.S.C. § 3131, payment and performance bonds were issued.

## III.   ARGUMENT

Whether subject matter jurisdiction exists may be established by review of "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (*citing Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

The Miller Act applies to projects that are public works of the federal government. 40 U.S.C. § 3131. "Public works of the federal government," however, is not defined by the statute.

Further, the Miller Act requires contractors on a federal project to post two bonds: a performance bond and a labor and material payment bond. *Id*. The Miller Act payment bond covers subcontractors and suppliers of material who have direct contracts with the prime contractor. *Id*. The Miller Act is "highly remedial in nature [and] is entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects." *United States ex rel Sherman v. Carter*, 353 U.S. 210, 216 (1957).

Mississippi law does not require contractors on private projects to furnish performance or payment bonds, as Mississippi's lien laws establish rights of subcontractors to protect their interests if they are unpaid for work performed pursuant to a contract. Miss. Code Ann. § 85-8-401 et. seq. While a Mississippi contractor can choose to furnish performance and payment bonds for private projects, many do not as they are expensive and Mississippi's lien laws are available to protect subcontractors. Therefore, it is reasonable to infer that the bonds were issued because they were required by the Miller Act. *See* Exhibit A., Affidavit of Richard T. White. In fact, when Metro initially was not paid for the work it performed on the Projects, Metro was told by Robert C. King, Triangle's President, that Triangle could not pay Metro until a "government inspector" signed off on the work performed by Triangle. *Id*.

Defendant Triangle argues that the Miller Act is not implicated in this payment dispute as the payment bonds are payment bonds for private, not federal, projects. *See* Triangle's Memorandum of Law at p. 1. Triangle states that the federal funds involved in the Projects are Low-Income Tax Credit Program funds used to incentivize private investors to construct or rehabilitate low income housing (the "LIHTC Program"). *Id*. at 2. In making its argument that the Miller Act does not apply to the Projects, Triangle offers only an article that, while it does explain

the LIHTC Program, it does not address the Miller Act in any way. Triangle does not offer any authority that specifically addresses the Miller Act and its application to the LIHTC Program. Further, Triangle's assertion that "private project" is stamped on the face of the issued bonds directly conflicts with the bond documents provided to Metro by Triangle. *See* Exhibit B. Because federal funds were involved in the Projects, even in the form of tax credits, the Miller Act governs the instant case.

However, if the Court is not convinced that federal jurisdiction exists in the instant case, Plaintiff Metro Mechanical respectfully requests that this Court remove the stay ordered in this cause of action in order to allow limited discovery related directly to jurisdiction and the financing of the Projects involved. There is a reason the bonds were issued for these Projects by Triangle, the general contractor, and Metro should be allowed to discover same. A Motion to Lift Stay and Allow Jurisdictional Discovery is being filed contemporaneously with the instant motion.

For the reasons articulated herein, Defendant Triangle's 12(b)(1) motion to dismiss must be denied, as this Court has subject matter jurisdiction over the claim at hand.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Metro Mechanical respectfully requests that the Court deny Defendant Triangle's Motion to Dismiss.

Respectfully submitted, this the 6th day of November, 2017.

BY: */s/Lawrence M. Coco, III*
Lawrence M. Coco, III, MSB #100378
On behalf of Plaintiff Metro Mechanical, Inc.

OF COUNSEL:

Lawrence M. Coco, III
Jennifer E. Salvo
McCraney, Coco & Lee, PLLC
219 Waterford Square, Suite 1

Madison, MS 39110
Phone: 601-899-0065
Fax: 733-866-2008
Lawrence@mclpllc.com
jennifer@mclpllc.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the above and foregoing document using the ECF system, which sent notification of such filing to all counsel of record.

**THIS**, the 6th day of November, 2017.

>  */s/ Lawrence M. Coco, III*
>  Lawrence M. Coco, III