IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**
f/u/b/o Metro Mechanical, Inc.                           **PLAINTIFF**

**v.**                                   **CAUSE NO. 3:17-CV-718-DCB-LRA**

**TRIANGLE CONSTRUCTION CO., INC. and**
**U.S. SPECIALTY INSURANCE COMPANY**                      **DEFENDANTS**

## ORDER AND OPINION

This cause is before the Court on a Motion to Dismiss for Lack of Subject-Matter Jurisdiction **[Doc. 7]** filed by Defendant Triangle Construction Company, Inc. ("Triangle") and a Motion to Lift Stay and Allow Jurisdictional Discovery **[Doc. 13]** filed by Plaintiff United States of America for use and benefit of Metro Mechanical, Inc. ("Metro"). Having considered the motions, the responses, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

### I. BACKGROUND

A sub-contractor on four south and southwest Mississippi construction projects sued a prime contractor and its surety for non-payment of amounts due under the sub-contract. The sole basis for federal jurisdiction is the Miller Act. The prime contractor

insists that the Court is without Miller Act jurisdiction because the projects and contracting parties are private. The sub-contractor rejoins that the projects were federally-funded and so Miller Act jurisdiction exists. The Court's jurisdiction turns on whether federally-funded construction projects to which the United States was not a contracting party constitute "public work[s] of the Federal Government." See 40 U.S.C. § 3131(b) (formerly 40 U.S.C. § 270(a)).

**A.  The Prime Contract**

Triangle contracted with Mississippi Portfolio Partners III, LP to perform work on four apartment complex construction projects located in Hattiesburg, Natchez, and Fayette, Mississippi (collectively, the "Projects"). [Doc. 1, ¶4] Defendant U.S. Specialty Insurance Company ("U.S. Specialty") issued payment bonds on each of the Projects. [Doc. 1, ¶4]

**B.  The Sub-Contract**

Metro sub-contracted with Triangle to "perform certain HVAC and plumbing renovations" on the four apartment complexes. [Doc. 1, ¶5] Metro completed the work required of it under the sub-contract, but was not paid the $150,555 it contends it is owed. [Doc. 1, ¶¶7-8] Metro sued Triangle and U.S. Specialty in this Court, pinning federal jurisdiction on the Miller Act. [Doc. 1, ¶2]

Triangle moves to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). [Doc. 7] The Court is without jurisdiction, Triangle contends, because the Miller Act — the sole source of federal jurisdiction — does not cover payment disputes attendant to private construction projects. [Doc. 8, p. 2]

Metro opposes dismissal, arguing that the Miller Act applies because the Projects are federally-funded. [Doc. 12, p. 3] And Metro suspects that the Projects are covered by the Miller Act because Triangle secured payment bonds for them. [Doc. 12, p. 3] Metro reasons that, because Mississippi law does not require a contractor on a private project to obtain a payment bond, and because such bonds can be costly, Metro must have obtained payment bonds on the Projects to fulfill the Miller Act's bond requirement.[1] [Doc. 12, p. 3]

## II. DISCUSSION

In determining its jurisdiction, the Court looks to the allegations of Metro's complaint and presumes them to be true. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). Subject-matter jurisdiction turns on the applicability of the Miller Act.

---

[1] Other than speculation concerning the cost-inefficiency of securing payment bonds when not statutorily-required, see Doc. 12-3, ¶6, Metro offers no evidence showing that the payment bonds cited in its complaint were issued under the Miller Act.

3

If it applies, the Court has jurisdiction; if it does not apply, the Court must dismiss the case.

The Miller Act requires contractors on "public work[s] of the Federal Government" to obtain performance and payment bonds. See 40 U.S.C. § 3131. And the Act creates a civil action in favor of any "person that has furnished labor or material in carrying out work provided for" under a Miller Act contract and "that has not paid in full within 90 days." 40 U.S.C. 3133(b)(1).[2]

The Act does not define "public work of the Federal Government." See 40 U.S.C. §§ 3131-3134. And besides interpreting the phrase to include a congressionally-authorized project for construction of a library at Howard University, see United States ex rel. Noland Co. v. Irwin, 316 U.S. 23, 28-29 (1942), the Supreme Court has had little to say on the topic.

But one issue is settled — a federally-funded project is not necessarily a "public work" under the Miller Act. See United States ex rel. General Elec. Supply Co. v. U.S. Fidelity & Guaranty Co., 11 F.3d 577, 581 (6th Cir. 1993) ("[G]overnment funding alone is

---

[2] State lien laws protect private project sub-contractors. See, e.g., MISS. CODE ANN. § 85-7-187. But no such protection extends to sub-contractors on federal construction projects: liens cannot attach to federal government property. See F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 121-22 (1974). To close this remedial gap, and to place the suppliers of labor and material on federal projects on equal footing with suppliers on private projects, Congress passed the Miller Act. United States ex rel. Sherman v. Carter, 353 U.S. 210, 217 (1957).

4

not enough to make a project a public work."); see also TIJ Materials Corp. v. Green Island Const. Co., 131 F.R.D. 31, 33-34 (D.R.I. 1990)(project not a "public work" despite federal funding). The Court is therefore unpersuaded by Metro's argument that the Miller Act applies, and jurisdiction exists, simply because federal funds were perhaps "involved" in the Projects. [Doc. 12, p. 1]

**A. The Court Lacks Miller Act Jurisdiction Under Mississippi Road Supply**

The Miller Act applies if "(1) the subcontractors and suppliers of material could assert an action for equitable recovery against the United States or one of its agencies, or (2) normal state labor and material lien remedies are unavailable because of federal ownership of lands." United States ex rel. Miss. Road Supply Co. v. H.R. Morgan, Inc., 542 F.2d 262, 266 (5th Cir. 1976) ("Mississippi Road Supply").

The first Mississippi Road Supply consideration does not give rise to Miller Act jurisdiction. No allegation in Metro's complaint suggests that Metro could recover in equity against the United States or any of its agencies. An equitable lien would extend only to funds of the United States that are due to Triangle under the terms of the prime contract between it and Mississippi Portfolio Partners III, LP. See United States ex rel. Router v. MacDonald Const. Co., 295 F. Supp. 1363, 1365 (E.D. Mo. 1968). And such a

5

lien is available only if U.S. Specialty, the surety, is insolvent. See id. Metro's complaint does not suggest that any funds of the United States are due to Triangle under the prime contract. Nor does it hint that U.S. Specialty is insolvent.

The second <u>Mississippi Road Supply</u> consideration, like the first, fails to confer Miller Act jurisdiction. Metro's complaint does not allege that any Project-related labor was performed on, or that any Project-related supplies were diverted to, federal property.

Metro's complaint meets neither of the jurisdictional tests set forth in <u>Mississippi Road Supply</u>, so the Court is without Miller Act jurisdiction. The Court nonetheless considers other measures of Miller Act jurisdiction, each of which confirms the absence of subject-matter jurisdiction on these facts.

**B.  The Miller Act Does Not Provide Metro a Right of Action on Payment Bonds Issued Under a Private Contract**

The Miller Act applies only when the federal government or one of its agents is a party to the construction contract. <u>See</u>, <u>e.g.</u>, <u>United States ex rel. Polied Envt'l Servs., Inc. v. Incor Grp., Inc.</u>, 3:02-CV-1254, 2003 WL 1797846, at *1 (D. Conn. Apr. 4, 2003); <u>United States v. U.S. Fidelity & Guar. Co.</u>, 959 F. Supp. 345, 347 (E.D. La. 1996); <u>United States ex rel. Miller v. Mattingly Bridge Co.</u>, 344 F. Supp. 459, 462 (W.D. Ky. 1972).

6

Consider United States v. Suffolk Const. Co.[3] There, then-Judge Sotomayor's opinion held that a payment dispute arising from the construction of a West Point Alumni Center was not covered by the Miller Act. Id. at *2. Miller Act jurisdiction was lacking, the court reasoned, because the United States was not a party to the construction contract and the contracting party was not acting directly as an agent of the United States. Id. at *2.

Metro, like the Suffolk plaintiff, fails to allege that either the United States or an agent acting on its behalf was a party to the relevant contracts. Metro's complaint, accordingly, fails to trigger Miller Act jurisdiction under this alternative line of authority.

Then-Judge Sotomayor's analysis in Suffolk finds support in numerous federal district court opinions. See, e.g., United States v. TK Elec. Servs., LLC, 1:09-CV-41, 2011 WL 379192, at *1 (S.D. Ohio Feb. 3, 2011) (dismissing Miller Act claim for lack of subject-matter jurisdiction where plaintiff failed to allege that the federal government was a party to the construction contract); United States ex rel. Blumenthal-Kahn Elec. Ltd. P'ship v. Am. Home Assur. Co., 219 F. Supp. 2d 710, 715 (E.D. Va. 2002) (holding the Miller Act inapplicable to dispute arising from construction of pedestrian tunnel at state-operated airport because neither the

---

[3] United States v. Suffolk Const. Co., 1996 WL 391875, at *2 (S.D.N.Y. July 12, 1996) (Sotomayor, J.)

7

federal government nor one of its agents contracted for the project).

It is undisputed that neither the federal government nor any of its agents was a party to any contract for work on the Projects. Indeed, Metro's complaint confirms that the only parties to that contract were Triangle and Mississippi Portfolio Partners III, LP. [Doc. 1, ¶4] Under this standard, as under <u>Mississippi Road Supply</u>, the Miller Act is inapplicable.

**C.     Jurisdictional Discovery is Unwarranted**

Metro asks the Court to allow it to conduct jurisdictional discovery regarding the source of financing for the Projects. [Doc. 13] The Court finds jurisdictional discovery unnecessary because this Order and Opinion presupposes that the Projects are federally-funded and, even so, holds the Miller Act inapplicable.

### III. CONCLUSION

No matter the test applied, the Miller Act does not cover this payment dispute. Because the Miller Act does not apply, and no alternative basis for subject-matter jurisdiction exists, the Court is without jurisdiction and shall dismiss this action without prejudice.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that the Motion to Lift Stay and Allow Jurisdictional Discovery **[Doc. 13]** filed by Plaintiff United States of America for use and benefit of Metro Mechanical, Inc. is **DENIED**.

**FURTHER ORDERED** that the Motion to Dismiss for Lack of Subject-Matter Jurisdiction **[Doc. 7]** filed by Defendant Triangle Construction Company is **GRANTED** and the Complaint **[Doc. 1]** filed by Plaintiff United States of America for use and benefit of Metro Mechanical, Inc. is **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court is directed to close this case.

**SO ORDERED,** this the 4th day of January, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE